**Affirmed and Memorandum Opinion filed April 9, 2020.**



In The

# Fourteenth Court of Appeals

## NO. 14-18-00026-CR

**NICOLE YVETTE BROWN, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 262nd District Court
Harris County, Texas
Trial Court Cause No. 1376396**

## MEMORANDUM OPINION

After a hearing on the State's motion to adjudicate, the trial court found appellant, Nicole Yvette Brown, guilty of the state jail offense of forgery, found appellant's enhancements true, and sentenced her to five years' imprisonment. On appeal, appellant argues that her counsel was ineffective during the adjudication hearing because her counsel failed to present mitigating evidence. We affirm the trial court's judgment.

# I.    Background

On February 5, 2013, appellant was charged with the state jail offense of forgery in Harris County, Texas.  The indictment was enhanced with two prior convictions for felony aggravated assault with a deadly weapon and felony forgery of a government instrument.  On September 12, 2016, appellant pled guilty, pursuant to a plea bargain, and the trial court placed her on deferred-adjudication community supervision for five years.  In February 2017, the State filed an amended motion to adjudicate guilt due to appellant's failure to abide by certain conditions of her community supervision.  Instead of adjudicating appellant's guilt, in April 2017, the trial court amended the conditions of appellant's probation to include "inpatient" or residential treatment.  Thereafter, appellant violated the conditions of her probation by failing to comply with the rules of the residential treatment center; thus, in September 2017, the State filed a supplemental motion to adjudicate appellant's guilt.

On November 29, 2017, a hearing was held on the State's motion to adjudicate.  The State alleged that appellant violated the terms and conditions of her community supervision by failing to comply with the rules and regulations of the residential treatment center from June 4, 2017 to September 2, 2017, including: assault, being in an unauthorized area, refusing to adhere to any sanctions, issuing threats, causing major damage, and assault-bodily injury.  Additionally, the State alleged that appellant was in violation of the terms and conditions of community supervision by failing to pay a screening and assessment fee as directed by the Court and was $100 in arrears.  Appellant pled not true to the allegations in the motion.  After conducting a hearing, the trial court found it true that appellant had violated her probation by violating the rules of the treatment center and, as a result, adjudicated her guilt on the underlying forgery.  This appeal timely followed.

## II.    Analysis

In her sole issue, appellant contends her counsel was ineffective during the adjudication hearing because her counsel failed to present any mitigating evidence.

## A.    Standard of review and applicable law

The Sixth Amendment to the United States Constitution guarantees the right to reasonably effective assistance of counsel in criminal prosecutions. U.S. Const. amend. VI; *McMann v. Richardson*, 397 U.S. 759, 771 n. 14 (1970). To prove a claim of ineffective assistance, an appellant must establish, by a preponderance of the evidence, that (1) her counsel's representation fell below the objective standard of reasonableness, and (2) there is a reasonable probability that but for counsel's deficiency the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 687, 694 (1984); *see Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999).

In considering an ineffective-assistance claim, we indulge a strong presumption that counsel's actions fell within the wide range of reasonable professional behavior and was motivated by sound trial strategy. *Strickland*, 466 U.S. at 689; *Thompson*, 9 S.W.3d at 813; *Jackson v. State*, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994). To overcome this presumption, a claim of ineffective assistance must be firmly demonstrated in the record. *Thompson*, 9 S.W.3d at 814. In most cases, direct appeal is an inadequate vehicle for raising such a claim because the record is generally undeveloped and cannot adequately reflect the motives behind trial counsel's actions. *Rylander v. State*, 101 S.W.3d 107, 110–11 (Tex. Crim. App. 2003); *Thompson*, 9 S.W.3d at 813–14. When the record is silent regarding trial counsel's strategy, as here, we will not find deficient performance unless the challenged conduct was "so outrageous that no competent attorney

3

would have engaged in it." *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005).

A sound trial strategy may be imperfectly executed, but the right to effective assistance of counsel does not entitle a defendant to errorless or perfect counsel. *Robertson v. State*, 187 S.W.3d 475, 483 (Tex. Crim. App. 2006). "Isolated instances in the record reflecting errors of omission or commission do not render counsel's performance ineffective, nor can ineffective assistance of counsel be established by isolating one portion of trial counsel's performance for examination." *Id*. at 483 (quoting *McFarland v. State*, 845 S.W.2d 824, 843 (Tex. Crim. App. 1992) (*en banc*)). Counsel's performance is judged by "the totality of the representation," and "judicial scrutiny of counsel's performance must be highly deferential" with every effort made to eliminate the distorting effects of hindsight. *Id*.; *accord Lopez v. State*, 343 S.W.3d 137, 143 (Tex. Crim. App. 2011). The *Strickland* court cautioned us to avoid an intrusive post-trial inquiry into attorney performance because such an inquiry would encourage the proliferation of ineffectiveness challenges. *Robertson*, 187 S.W.3d at 483 (citing *Strickland*, 466 U.S. at 690).

To that end, we are instructed that, for an appellate court to find that counsel was ineffective, counsel's deficiency must be affirmatively demonstrated in the trial record. *Lopez,* 343 S.W.3d at 142. The Texas Court of Criminal Appeals further advises, "[w]hen such direct evidence is not available, we will assume that counsel had a strategy if any reasonably sound strategic motivation can be imagined." *Id*. at 143.

## B.    Mitigating evidence presented at adjudication hearing

Here, appellant asserts that "[t]rial counsel presented no witnesses to the Court during the Motion to Adjudicate hearing." Appellant further takes issue with

her counsel's closing argument, asserting "trial counsel mentioned quite a bit of information in his closing argument with no substance whatsoever to back up his assertions." Appellant asserts that counsel did not call a family member or friend who would have knowledge of appellant's situation. "Without bringing any testimony to the court, trial counsel put forward no evidence that the Court could consider to rebut the evidence put forward by the state." Finally, appellant contends that "[h]ad trial counsel elicited any testimony to prove to the Court that the Appellant had a supportive family and a family that relied on her, it is likely and possible that the Court would have given Appellant another chance on her deferred adjudication."

A review of the record in this case demonstrates that appellant's attorney did present mitigating evidence during the hearing. Appellant's trial counsel called three witnesses to testify at the punishment proceedings of the adjudication hearing: Dejarne Brown (appellant's daughter); Leslie Parker (appellant's common-law husband); and appellant. Brown testified that she lived with her mother. She said her mother worked and provided a clean, home, performing housework, laundry, and dishes. According to Brown, appellant takes care of four little ones, providing them with food, shelter and guidance. Brown testified, "[s]he's the best mother." Brown opined that if given a chance, her mother could prove herself. Next, appellant's trial counsel called Parker as a witness. Parker, appellant's common-law husband, testified that appellant was a good parent who took care of her kids. He testified that appellant had obtained a job and her kids needed her to remain out of prison. Parker stated that he would make sure appellant followed all the rules of probation. Parker testified that appellant deserved a second chance. Finally, trial counsel called appellant to the stand. Appellant testified that her children depended on her. Appellant testified that

5

during her nine months that she was confined to the residential treatment facility, she was punished for alleged violations of facility rules. Thereafter, appellant's trial counsel argued in closing that appellant was back at home, working, and stable. He argued that appellant had not had a violation in some time. Appellant's counsel argued that appellant's children would suffer if she was sent to prison and requested appellant be given another chance. Because appellant's counsel did present mitigating evidence during the adjudication hearing, appellant's issue is not supported by the record. As such, appellant has not shown her trial counsel's representation fell below the objective standard of reasonableness. *See Strickland*, 466 U.S. at 687.

## C. Silent record as to attorney's trial strategy

Additionally, the record is silent as to her attorney's trial strategy during the adjudication hearing. The record does not reflect any witness that trial counsel failed to call to testify or any other mitigating evidence that was omitted at the adjudication hearing. When, as here, the record is silent as to counsel's trial strategy, we cannot speculate about why counsel acted as he did. *Jackson v. State*, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994).

Under these circumstances, appellant has failed to show her trial counsel's conduct at the adjudication hearing was "so outrageous that no competent attorney would have engaged in it." *Goodspeed*, 187 S.W.3d at 392. Because appellant has failed to satisfy the first prong of the *Strickland* test, we overrule her sole issue.

## III.    Conclusion

We affirm the judgment of the trial court.


/s/     Margaret "Meg" Poissant
Justice


Panel consists of Justices Wise, Jewell, and Poissant.

Do not Publish — Tex. R. App. P. 47.2(b).

7